Millennium Holdings LLC v Glidden Co. (2019 NY Slip Op 07030)





Millennium Holdings LLC v Glidden Co.


2019 NY Slip Op 07030


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Friedman, J.P., Tom, Webber, Gesmer, Oing, JJ.


600920/08 9971 9970

[*1]Millennium Holdings LLC, et al., Plaintiffs, Certain Underwriters at Lloyd's, London, et al., Plaintiffs-Intervenors-Respondents,
v
The Glidden Company now known as Akzo Nobel Paints LLC, et al., Defendants-Appellants.
Millennium Holdings LLC, et al., Plaintiffs, Certain Underwriters at Lloyd's, London, et al., Plaintiffs-Intervenors-Appellants,
v
The Glidden Company now known as Akzo Nobel Paints LLC, Defendant-Respondent.


Debevoise & Plimpton LLP, New York (James B. Amler of counsel), for The Glidden Company, appellants/respondents.
Zuckerman Spaeder LLC, New York (Carl S. Kravitz of counsel), for respondents/appellants.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 7, 2018, which denied plaintiffs-intervenors (insurers) motion for summary judgment on liability, unanimously affirmed, without costs. Order, same court and Justice, entered May 7, 2018, which denied defendant's motion for summary judgment dismissing the insurers claims against it, unanimously modified, on the law and the facts, to the extent of dismissing the insurers' subrogation claims to the extent they seek indemnification for any payments made on behalf of plaintiff prior to March 25, 2002, and otherwise affirmed, without costs.
The issue on these appeals is whether the insurers are contractually subrogated to plaintiff's contractual indemnification rights against defendant. We previously held that the amended purchase agreement setting forth defendant's indemnification obligation is ambiguous as to whether plaintiff and defendant intended that plaintiff would maximize its insurance recoveries before seeking indemnification from defendant and remanded to Supreme Court for consideration of extrinsic evidence on the matter (146 AD3d 539, 546 [1st Dept 2017]). In subsequently moving for summary judgment, each side failed to meet its respective burden on this point.
However, the insurers' claim for subrogation is time-barred to the extent they seek indemnification for any payments made on behalf of plaintiffs under the policies at issue prior to March 25, 2002. We also note the 2011 settlement agreement between plaintiff and defendant [*2]terminated plaintiff's indemnification rights. While the agreement preserved the insurers' existing subrogation claims, because a subrogee stands in the shoes of the subrogor with no greater rights (Hartford Acc. & Indem. Co. v CNA Ins. Cos., 99 AD2d 310, 312 [1st Dept 1984]), the agreement also terminated the insurers' subrogation right for indemnification claims that no longer existed as of the agreement's effective date. To the extent that defendant released its rights to recover from plaintiff, it is not entitled to a setoff of such released amounts against any sums for which it may be liable to the insurers-subrogees (see Allstate Ins. Co. v Stein, 1 NY3d 416, 420-421 [2004] [defendant in subrogation action may assert same defenses that it could assert against the subrogor]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK